Thomas J. Polis, Esq. - SBN 119326
**POLIS & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041
E-Mail: tom@polis-law.com

Steven A. Silverstein, Esq. - SBN 64610
Mark W. Huston, Esq. - SBN 119872
**LAW OFFICES OF SILVERSTEIN & HUSTON**
701 South Parker Street, Suite 5500
Orange, California 92868
Telephone: (714) 54792511
Facsimile: (714) 547-0230

Counsel for Plaintiff,
AAA Blueprint & Digital Reprographics, Inc.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DENNIS ADRIAN VAZQUEZ,<br><br>　　　　　Debtor.<br>_____<br><br>AAA BLUEPRINT & DIGITAL REPROGRAPHICS,<br>a CALIFORNIA CORPORATION,<br><br>　　　　　Plaintiff,<br>v.<br><br>DENNIS ADRIAN VAZQUEZ,<br><br>　　　　　Defendant. | Case No. 8:09-bk-19259-RK<br><br>Chapter 7<br><br>Adv. Proc. 8:09-ap_____-RK<br><br>PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT UNDER SECTION 523 OF THE BANKRUPTCY CODE AND OBJECTION TO DEBTOR'S DISCHARGE UNDER SECTION 727 OF THE BANKRUPTCY CODE |

Plaintiff, AAA Blueprint & Digital Reprographics, a California Corporation ("Plaintiff" or "AAA Blueprint"), an unsecured creditor of the bankruptcy estate *In re Dennis Adrian Vazquez*, Case No. 8:09-bk-19259-RK ("Debtor") holding an unsecured claim in the approximate amount of $285,615.64, respectfully represents and alleges its *Complaint* ("*Complaint*") as follows:

///

## STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding ("Adversary Proceeding") pursuant to 28 U.S.C. §§ 159 and 1134, and 11 U.S.C. §§ 523(a)(2)(A) and 727 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J).

2. Venue for this Adversary Proceeding properly lies in this Judicial District in that this civil proceeding arises under Title 11 of the United States Code as provided in 28 U.S.C. §1409.

3. This Adversary Proceeding arises out of and relates to the Chapter 7 bankruptcy case of *In re Dennis Adrian Vazquez*, Case No. 8:09-bk-19259-RK on the docket of this Court. The Debtor's bankruptcy case was commenced by the filing of a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, on August 31, 2009.

4. Plaintiff, AAA Blueprint is an unsecured creditor of the Debtor's bankruptcy estate in the amount of approximately $285,615.64.

5. The Debtor-Defendant's mailing address as stated on the Court's docket as of December 14, 2009 was:

> 234 Honeysuckle Lane
> Brea, California 92821

## STATEMENT OF STANDING

6. The Plaintiff, as a creditor of the Debtor's bankruptcy estate, has standing to prosecute this Adversary Proceeding under 11 U.S.C. §§ 523 and 727. The Debtor's PACER Case Docket noted that December 14, 2009 is the last day for parties in interest to file complaints under Sections 523 and 727 of the Bankruptcy Code.

## GENERAL ALLEGATIONS

7. Plaintiff, AAA Blueprint is informed and believes and thereon alleges the following facts to justify that its claim of approximately $285,615.64 against the Debtor-Defendant Dennis A. Vazquez be deemed non-dischargeable under Sections 523 (a)(2)(A) and/or 523(a)(6) of the Bankruptcy Code or that the Debtor-Defendant's discharge be denied under Section 727 of the Bankruptcy Code.

///

8. On August 25, 2006, a judgment in the amount of $180,000.00 was entered in favor of Plaintiff AAA Blueprint and against non-debtor Jimmy Ibarra and Alliance Reprographics. The gravamen of the complaint that resulted in Plaintiff AAA Blueprint's August 2006 Judgement was based on Alliance Reprographics' misappropriation of trade secrets and related causes of action. A true and correct copy of the August 2006 $180,000.00 Judgment in favor of Plaintiff AAA Blueprint is attached hereto and Exhibit "A;"

9. Later on December 11, 2006, the Orange County Superior Court Judge William M. Monroe, presiding, entered the *Order Re: Plaintiff's Motion For Attorneys' Fees* in regards to increasing Plaintiff AAA Blueprints August 2006 Judgment. The Orange County Superior Court's December 2006 *Attorneys' Fees Order* added $71,510.50 to Plaintiff AAA Blueprint's August 2006 Judgment. A true and correct copy of the December 2006 Order is attached hereto as Exhibit "B".

10. On October 24, 2007, the Court of Appeals for the State of California, Fourth Appellate District, Division Three, entered its opinion affirming the August 2006 Judgment in favor of Plaintiff AAA Blueprint. A true and correct copy of the October 2007 affirming the August 2006 Judgment in favor of Plaintiff AAA Blueprint is attached hereto as Exhibit "C".

11. On December 13, 2007, Plaintiff AAA Blueprint commenced an action in the Orange County Superior Court, Case No. 30-2007-00100248-CU-FR-CJC for fraud against Defendant-Debtor Dennis A. Vazquez. The overall facts surrounding the need for Plaintiff AAA Blueprint to file the December 2007 action was related to Defendant-Debtor Dennis A. Vazquez's fraudulent transfer of assets and other fraudulent obstreperous acts on the part of Defendant-Debtor, Dennis A. Vazquez thereby preventing Plaintiff AAA Blueprint from collecting on its $285,615.64 August 2006 Judgment.

12. On February 5, 2008, the Orange County Superior Court entered its *Notice of Ruling Granting Plaintiff's Motion For Post-Judgment Attorney Fees* in favor of Plaintiff AAA Blueprint. The Superior Court's February 5, 2008 added $28,890.50 in post-judgment attorneys' fees and $40.00 in filing fees to Plaintiff AAA Blueprint's August 2006 Judgment. A true and correct copy of the February 2008 $28,930.50 Award is attached hereto as Exhibit "D".

13. On July 27, 2009, Honorable Robert J. Moss issued his *Minute Order* related to his actual and express findings of fraud as perpetrated by Defendant-Debtor Dennis A. Vazquez. Specifically, on page 1 of the Court's July 27, 2009 *Minute Order* Judge Moss made the following finding:

> [T]he court finds that Melissa Huerta and Dennis Adrian Vazquez are the alter ego of All Blueprint, Inc. and that Dennis Adrian Vazquez [Defendant-Debtor herein] and Melissa Huerta <u>conspired to fraudulently transfer assets from Alliance Reprographics, Inc. to All Blueprint, Inc. for the purpose of hindering judgment creditor AAA [Plaintiff-herein] from collecting its judgment against Alliance.</u> (Emphasis added.)

The Court went on to further find fraud on behalf of Defendant-Debtor Dennis Vazquez at page 2 of the July 27, 2009 *Minute Order*:

> "[B]y transferring virtually the entire business to All Blue, supposedly controlled by his girlfriend, <u>Vazquez [Defendant-Debtor herein] committed the wrongful act of hindering AAA in trying to collect the judgment [referring to the August 2006 judgment in favor of AAA]. Not to find Vazquez the alter ego of Alliance would sanction a fraud and promote injustice.</u>" (Emphasis added.)

A true and correct copy of the Orange County Superior Court's July 27, 2009 *Minute Order* rectifying the specific examples of Defendant-Debtor's pre-petition fraudulent activities is attached hereto as Exhibit "E".

14. On July 30, 2009, the Orange County Superior Court entered its *Judgment After Trial By Court* in favor of Plaintiff AAA Blueprint and against Defendant-Debtor, Dennis Adrian Vazquez held in relevant part at page 2, lines 14-17:

> The court further found that Dennis Adrian Vazquez [Defendant-Debtor herein]...conspired to fraudule ntly transfer assets from Alliance Reprographics...(Emphasis added.)

A true and correct copy of the Orange County Superior Court's July 30, 2009 Judgment is attached hereto as Exhibit "F".

15. Presently, Plaintiff AAA Blueprint is owed no less than $285,615.64 due both to the underlying misappropriation of trade secrets from AAA Blueprint and the fraudulent manner in which Defendant-Debtor Dennis A. Vazquez prevented Plaintiff AAA Blueprint from collecting on its claim.

# FIRST CAUSE OF ACTION

## [11 U.S.C. § 523(a)(2)(A)]

16. Plaintiff, AAA Blueprint hereby alleges and incorporates by reference, Paragraphs 1 through 15, and all sub-parts thereto, inclusive of this Complaint, as though set forth in full herein.

17. Pursuant to U.S.C. § 523(a)(2)(A), the Court shall except from the Debtor's discharge any debt:

> 2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by -
>
> (A) <u>false pretenses, a false representation, or actual fraud</u>, other than a statement respecting the debtor's or an insider's financial condition; (Emphasis added.)

18. Plaintiff AAA Blueprint alleges that the Debtor-Defendant Dennis A. Vazquez combined fraudulent acts to misappropriate trade secrets from Plaintiff AAA Blueprint along with Defendant-Debtor Dennis A. Vazquez's fraudulent acts in hindering the collection of Plaintiff AAA Blueprint's efforts to collect on its $285,615.64 August 2006 Judgment (including any and all fees awarded by the Orange County Superior Court) were both acts of actual fraud, thus violating Section 523(a)(2)(A) of the Bankruptcy Code.

19. Plaintiff AAA Blueprint alleges that all of its claims totaling no less than $285,615.64 against Defendant-Debtor Dennis A. Vazquez should be deemed non-dischargeable under Section 523(a)(2)(A) of the Bankruptcy Code

## ON THE SECOND CAUSE OF ACTION

## [11 U.S.C. § 523(a)(6)]

20. Plaintiff AAA Blueprint alleges and incorporated by reference Paragraphs 1 through 19, and all sub-parts thereto, inclusive of this Complaint, as though set forth in full herein.

21. Pursuant to U.S.C. § 523(a)(6), the Court shall except from the Debtor's discharge any debt:

> (6) <u>for willful and malicious injury by the debtor to another entity or to the property of another entity</u>, (Emphasis added.)

///

22. Plaintiff AAA Blueprint alleges that the Debtor-Defendant Dennis A. Vazquez combined fraudulent acts to misappropriate trade secrets from Plaintiff AAA Blueprint along with Defendant-Debtor Dennis A. Vazquez's fraudulent acts in hindering the collection of Plaintiff AAA Blueprint's efforts to collect on its $285,615.64 August 2006 Judgment (including any and all fees awarded by the Orange County Superior Court) were both acts of actual fraud, thus violating Section 523(a)(6) of the Bankruptcy Code.

23. Plaintiff AAA Blueprint alleges that all of its claims totaling no less than $285,615.04 against Defendant-Debtor Dennis A. Vazquez should be deemed non-dischargeable under Section 523(a)(6) of the Bankruptcy Code.

## ON THE THIRD CAUSE OF ACTION

### [11 U.S.C. § 727]

24. Plaintiff AAA Blueprint alleges and incorporates by reference Paragraphs 1 through 23, and all sub-parts thereto, includes thereto, inclusive of this Complaint, as though set forth in full herein.

25. Pursuant to U.S.C. § 727(a)(2)(A) of the Bankruptcy Code, the Court shall except a Debtor's discharge based on the following:

> (a) The court shall grant the discharge, unless -
> (2) <u>the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed or destroyed, mutilated, or concealed</u> -
>
> (A) property of the debtor, within one year before the dated of filing of the petition...
> (Emphasis added.)

26. Plaintiff AAA Blueprint alleges that the Debtor-Defendant Dennis A. Vazquez combined fraudulent acts to misappropriate trade secrets from Plaintiff AAA Blueprint along with Defendant-Debtor Dennis A. Vazquez's fraudulent acts in hindering the collection of Plaintiff AAA Blueprint's efforts to collect on its $285,615.64 August 2006 Judgment were both acts of actual fraud, thus violating Section 727(a)(2)(A) of the Bankruptcy Code.

///

**WHEREFORE**, Plaintiff AAA Blueprint prays for judgment under Sections 523 and 727 of the Bankruptcy Code against Debtor-Defendant, Dennis A. Vazquez as follows:

### ON THE FIRST CAUSE OF ACTION

1. That Plaintiff AAA Blueprint's claims in the approximate amount of $285,615.64 against Debtor-Defendant Dennis A. Vazquez be deemed non-dischargeable under Section 523(a)(2)(A) of the Bankruptcy Code.

### ON THE SECOND CAUSE OF ACTION

2. That Plaintiff AAA Blueprint's claims in the approximate amount of $285,615.64 be deed non-dischargeable under Section 523(a)(6) of the Bankruptcy Code.

### ON THE THIRD CAUSE OF ACTION

3. That Debtor-Defendant Dennis A. Vazquez's discharge be denied under Section 727 of the Bankruptcy Code.

### ON ALL CAUSES OF ACTION

4. For all further relief and the Court deems just and proper.

DATED: DECEMBER 14, 2009          POLIS & ASSOCIATES
                                  A PROFESSIONAL LAW CORPORATION

                                  By:_____/s/ Thomas J. Polis_____
                                       Thomas J. Polis, Esq.
                                       Counsel for Plaintiff,
                                       AAA Blueprint, a California  Corporation

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>AAA Blueprint & Digital Reprographics, Inc. | **DEFENDANTS**<br>Dennis Adrian Vazquez |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Thomas J. Polis, Esq. - SBN 119326<br>**POLIS & ASSOCIATES, APLC**<br>19800 MacArthur Boulevard, Suite 1000<br>Irvine, CA 92612-2433,Tel(949) 862-0040; Fax (949)862-0041<br>E-mail:tom@polis-law.co | **ATTORNEYS** (If Known)<br><br>unknown |
| **PARTY** (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[X] Creditor    [ ] Other<br>[ ] Trustee | **PARTY** (Check One Box Only)<br>[X] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor    [ ] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint To Determine Dischargeability of Debt Under Section 523 and Objection To Discharge Under Section 727

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[X] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[X] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) -- Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[X] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71-Injunctive relief – imposition of stay
[ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand  $ 300,000.00 |

Other Relief Sought

B104

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>Dennis Adrian Vazquez || BANKRUPTCY CASE NO.<br>8:09-bk-19259-RK |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central California || DIVISION OFFICE<br>Santa Ana || NAME OF JUDGE<br>Robert Kwan |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Thomas* |||||
| DATE<br>December 14, 2009 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Thomas J. Polis, Esq. - SBN 119326 |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Thomas J. Polis, Esq. - SBN 119326<br>POLIS & ASSOCIATES, APLC<br>19800 MaArthur Boulevard, Suite 1000<br>Irvine, California 92612-2433<br>Tel: (949) 862-0040<br>Fax: (949) 862-0041<br>E-Mail: tom@polis-law.com<br><br>*Attorney for Plaintiff* AAA Blueprint & Digital Reprographics, Inc. | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re: Dennis Adrian Vazquez,<br><br>Debtor. | CHAPTER  7<br>CASE NUMBER  8:09-bk-19259-RK<br>ADVERSARY NUMBER |
|---|---|
| AAA Blueprint & Digitial Reprographics, Inc.<br><br>vs.                                                    Plaintiff(s),<br><br>Dennis Adrian Vazquez,<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____ , the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☐ 255 East Temple Street, Los Angeles | | ☒ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By:_____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)                                                                                                        **F 7004-1**
F70041

Case 8:09-ap-01786-RK   Doc 1   Filed 12/14/09   Entered 12/14/09 15:20:08   Desc
Main Document   Page 11 of 12
Summons and Notice of Status Conference - Page 2

F 7004-1

| In re | (SHORT TITLE) | CASE NO.: 8:09-bk-19259-RK |
|---|---|---|
| Dennis Adrian Vazquez, | Debtor(s). | |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:


**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:




☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.




☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.




☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date | Type Name | Signature |
|---|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| Summons and Notice of Status Conference - *Page 3* | | F 7004-1 |
|---|---|---|
| In re<br>Dennis Adrian Vazquez, | (SHORT TITLE) | CASE NO.: 8:09-bk-19259-RK |
| | Debtor(s). | |

**ADDITIONAL SERVICE INFORMATION** (if needed):

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA)                                                                                                    **F 7004-1**