# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER
### MINUTE ORDER

Date: 07/27/2009          Time: 10:49:56 AM          Dept: C23

Judicial Officer Presiding: Judge Robert J. Moss
Clerk: Betsy Zuanich

Bailiff/Court Attendant:

Case Init. Date: 12/13/2007

Case No: 30-2007-00100248-CU-FR-CJC    Case Title: AAA Blueprint & Digital Reprographics Inc vs. Vazquez

Case Category: Civil - Unlimited    Case Type: Fraud

Event Type: Chambers Work

Causal Document & Date Filed:

**Appearances:**

There are no appearances by any party.

It appearing to the Court that through error or inadvertence, the minute order of this Court dated 07/22/09, does not properly reflect the order of the Court. Said minute order is ordered corrected Nunc Pro Tunc as of 07/22/09, as indicated below:

On July 20 and 21, 2009, trial of the above captioned matter proceeded before the court without a jury. The proceedings took less than eight hours. The matter was taken under submission.

Having considered the evidence and argument of counsel, the court now issues its ruling as follows:

Judgment for plaintiff AAA Blueprint & Digital Reprographics Inc (AAA) against all defendants. The court finds that defendants Dennis Adrian Vazquez and All Blueprint Inc (All Blue) are the alter ego of Alliance Reprographics Inc (Alliance.) The court finds that Melissa Huerta and Dennis Adrian Vazquez are the alter ego of All Blueprint Inc and that Dennis Adrian Vazquez and Melissa Huerta conspired to fraudulently transfer assets from Alliance Reprographics Inc to All Blueprint Inc for the purpose of hindering judgment creditor AAA from collecting its judgment against Alliance. All defendants are enjoined from selling, conveying, transferring, encumbering, hypothecating, distributing or disposing of any assets (including leased equipment) pending appointment of a receiver. This injunction shall not apply to regular payroll, taxes, insurance premiums, rent, utilities and other regular and normal business expenses nor shall it apply to regular and normal living expenses for the individual defendants. A receiver shall be appointed to control the assets of all defendants for the purpose of satisfying the judgment. A writ of attachment shall issue for all property of all defendants.

Discussion: Defendant Vazquez was the sole shareholder of Alliance. On July 19 and 20, 2006 a statement of decision was issued in the underlying case resulting in a judgment in favor of plaintiff

Case Title: AAA Blueprint & ital Reprographics Inc    Case No:  2007-00100248-CU-FR-CJC
vs. Vazquez

against Alliance in the sum of $285,615.64. Huerta was an employee of Vazquez's company, was in a romantic relationship with him, and lived with him. At the time of trial her parents were living rent free in a residence owned by Vazquez. In post judgment settlement discussions, witness Bouchier (the sole shareholder of plaintiff) was told by Vazquez that if he did not settle for $100,000.00 he would close down the business and open a new one across the street. Witness Ibarra, a former employee of Alliance and co-judgment debtor, testified that he was present when Vazquez and Huerta discussed their strategy to avoid paying the judgment by continuing business under Huerta's name. Vazquez and Huerta deny these discussions, but the court found the testimony of Bouchier and Ibarra more credible.

Four days after the statement of decision was entered in the underlying case, Huerta filed incorporation documents creating All Blue. Huerta was the sole shareholder. Vazquez loaned $40,000.00 to Huerta with no written loan agreement or promissory note, none of which has been paid back. Over the next few months all of the assets of Alliance (including leased equipment) was transferred to All Blue, most of the employees of Alliance were hired by All Blue (including Vazquez), and premises were leased by All Blue across the street from Alliance's premises. While Alliance's operations were winding down Huerta assisted even though she supposedly was starting a competing company and directed customers of Alliance to All Blue with Vazquez's blessing. When the equipment was installed at All Blue's building, employees still with Alliance were permitted to complete jobs using the same equipment on All Blue's premises. Eventually, the customer list at All Blue was practically a mirror image of Alliance's. The vehicles used by Alliance for delivery were the same vehicles used by All Blue, title held in Vazquez's name. Likewise, All Blue used mostly the same vendors as Alliance.

Once All Blue was operational, multiple checks were written to both Huerta and Vazquez for repayment of undocumented loans and "distributions." Vazquez's personal automobile lease payments were paid by All Blue. Lease payments on the leased equipment that was transferred to All Blue were paid by All Blue to Alliance. Vazquez has not accounted for these sums. Vazquez admitted that when the leases were over, he planned to buy the equipment for one dollar each and then continue to lease it to All Blue enjoying the proceeds. There were uncommonly high credit card bills paid by All Blue, but defendants failed to produce the credit card statements to verify these charges were for legitimate business purposes. The court infers that personal expenses were charged to these cards.

With respect to Alliance, it was undisputed that Vazquez was the person in control of that corporation. There was no evidence that Huerta controlled Alliance. By transferring virtually the entire business to All Blue, supposedly controlled by his girl friend, Vazquez committed the wrongful act of hindering AAA in trying to collect the judgment. Not to find Vazquez the alter ego of Alliance would sanction a fraud and promote injustice.

As for All Blue, it was virtually the same company as Alliance with a different name. The court does not believe Huerta's testimony that she was planning on opening her own company for several years before the creation of All Blue or that she ran the company on her own. Rather, she and Vazquez conspired to create this company for the sole purpose of hindering plaintiff's efforts to collect its judgment and she and Vazquez jointly controlled All Blue. Vazquez did not close down Alliance because his employees left to join a new company, his employees left because he was moving the company across the street. Again, to not find Huerta and Vazquez the alter egos of All Blue and to not find All Blue the alter ego of Alliance would sanction a fraud and promote injustice.
The court does not believe it appropriate to enter a new monetary judgment against the defendants. A judgment has already been entered in the underlying case. By virtue of the finding in this case that Vazquez and All Blue are the alter ego of Alliance and that Vazquez and Huerta are the alter ego of All Blue, all three defendants are liable for the underlying judgment. While the court does find there was a fraudulent transfer, the court declines to award punitive damages because there was insufficient evidence to determine the net worth of each defendant.

Since trial of the matter took less than eight hours over-all and there was no request for statement of decision prior to submission, there is no statement of decision required. Plaintiff to prepare judgment and take necessary steps to appoint receiver and/or perfect the attachment.

Clerk shall give notice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | |
|---|---|
| Central Justice Center<br>700 W. Civic Center Drive<br>Santa Ana, CA 92702 | |
| **SHORT TITLE:** AAA Blueprint & Digital Reprographics Inc vs. Vazquez | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>30-2007-00100248-CU-FR-CJC |

I certify that I am not a party to this cause. I certify that a true copy of Clerk's Certificate of Service by Mail was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Santa Ana, California, on 07/28/2009.

Clerk of the Court, by: _Ifuanich_____ , Deputy

LAW OFFICES OF SILVERSTEIN & HUSTON
701 S Parker Street # 5500
Orange, CA 92868

SAKAMAKI & BAUMGARTNER
500 N State College Boulevard # 1100
Orange, CA 92868

☐ Additional names and address attached.

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**     Page: 1